IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION - DAYTON

| | |
|---|---|
| VALERIE S. BLANKENSHIP, ADMINISTRATOR OF THE ESTATE OF DIANA L. HATT, DECEASED, | CASE NO. 3:19-CV-00038-TMR |
| | JUDGE |
| Plaintiff, | **ANSWER TO PLAINTIFF'S COMPLAINT ON BEHALF OF DEFENDANT DOLLAR TREE STORES, INC. JURY DEMAND ENDORSED HEREON** |
| vs. | |
| DOLLAR TREE STORES, INC., ET AL. | |
| Defendants. | |

Now comes Defendant Dollar Tree Stores, Inc. (hereinafter "Dollar Tree"), by and through counsel, and for its Answer to Plaintiff's Complaint, states as follows:

**ANSWER TO FIRST DEFENSE**

1.      Dollar Tree is without knowledge or information sufficient to form a reasonable belief as to the truth or falsity of the allegations contained in Paragraph 1 of Plaintiff's Complaint and, therefore, denies the same.  There is no Exhibit "A" attached to the Complaint.

2.      Dollar Tree admits the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.      With respect to Paragraph 3 of Plaintiff's Complaint, Dollar Tree admits that at the time of the subject incident it operated a store located at 6495 Brandt Pike, Huber Heights, Ohio.

1

4.     Dollar Tree is without knowledge or information sufficient to form a reasonable belief as to the truth or falsity of the allegations contained in Paragraph 4 of Plaintiff's Complaint and, therefore, denies the same.

5.     Dollar Tree is without knowledge or information sufficient to form a reasonable belief as to the truth or falsity of the allegations contained in Paragraph 5 of Plaintiff's Complaint and, therefore, denies the same.

6.     Dollar Tree is without knowledge or information sufficient to form a reasonable belief as to the truth or falsity of the allegations contained in Paragraph 6 of Plaintiff's Complaint and, therefore, denies the same.

7.     Dollar Tree is without knowledge or information sufficient to form a reasonable belief as to the truth or falsity of the allegations contained in Paragraph 7 of Plaintiff's Complaint and, therefore, denies the same.

8.     Dollar Tree is without knowledge or information sufficient to form a reasonable belief as to the truth or falsity of the allegations contained in Paragraph 8 of Plaintiff's Complaint and, therefore, denies the same.

## ANSWER TO FIRST CLAIM:  SURVIVORSHIP CLAIM

9.     With respect to Paragraphs 1 through 8 of Plaintiff's Complaint, Dollar Tree reavers each and every response, defense and/or denial previously set forth in its Answer herein, and incorporates the same as if fully rewritten herein.

10.     Dollar Tree admits the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.     Dollar Tree denies the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.     Dollar Tree is without knowledge or information sufficient to form a reasonable belief as to the truth or falsity of the allegations contained in Paragraph 12 of Plaintiff's Complaint and, therefore, denies the same.

13.     Responding to Paragraph 13 of Plaintiff's Complaint, Dollar Tree denies any defect with the door and denies any negligence by Dollar Tree.

14.     Dollar Tree is without knowledge or information sufficient to form a reasonable belief as to the truth or falsity of the allegations contained in Paragraph 14 of Plaintiff's Complaint and, therefore, denies the same. Dollar Tree denies it was the proximate cause of Plaintiff's injuries.

15.     Dollar Tree is without knowledge or information sufficient to form a reasonable belief as to the truth or falsity of the allegations contained in Paragraph 15 of Plaintiff's Complaint and, therefore, denies the same.

16.     Dollar Tree is without knowledge or information sufficient to form a reasonable belief as to the truth or falsity of the allegations contained in Paragraph 16 of Plaintiff's Complaint and, therefore, denies the same.

17.     Dollar Tree denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.     Dollar Tree denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

## ANSWER TO SECOND CLAIM:  WRONGFUL DEATH CLAIM

19.     With respect to Paragraphs 1 through 18 of Plaintiff's Complaint, Dollar Tree reavers each and every response, defense and/or denial previously set forth in its Answer herein, and incorporates the same as if fully rewritten herein.

20. Dollar Tree denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. Dollar Tree denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

## ANSWER TO THIRD CLAIM: DECLARATORY JUDGMENT CLAIM

22. With respect to Paragraphs 1 through 21 of Plaintiff's Complaint, Dollar Tree reavers each and every response, defense and/or denial previously set forth in its Answer herein, and incorporates the same as if fully rewritten herein.

23. Dollar Tree is without knowledge or information sufficient to form a reasonable belief as to the truth or falsity of the allegations contained in Paragraph 23 of Plaintiff's Complaint and, therefore, denies the same.

24. Dollar Tree is without knowledge or information sufficient to form a reasonable belief as to the truth or falsity of the allegations contained in Paragraph 24 of Plaintiff's Complaint and, therefore, denies the same.

25. Dollar Tree denies all allegations not expressly admitted herein.

## AFFIRMATIVE DEFENSES

To the extent the evidence establishes the existence of any one or more of the following defenses or affirmative defenses, then Plaintiff is barred, in whole or in part, from obtaining any relief against this Dollar Tree:

1. Failure to state a claim upon which relief may be granted.

2. Failure to join necessary and indispensable parties to this action as required by Rules 17, 19, and 20 of the Federal Rules of Civil Procedure.

3. Comparative negligence of Plaintiff's decedent, Diana Hatt.

4.     Open and obvious doctrine.

5.     Two inch rule and/or the condition was insignificant, trivial or insubstantial.

6.     There was no dangerous condition or defect.

7.     Lack of actual or constructive notice of a dangerous condition or defect.

8.     Plaintiff cannot identify, explain or prove what caused the injury.

9.     Primary assumption of the risk.

10.    Secondary and/or implied assumption of the risk.

11.    Express assumption of the risk.

12.    Applicable statute of limitations.

13.    Insufficiency of service of process.

14.    Lack of personal jurisdiction.

15.    Intervening and/or superseding cause.

16.    Failure to mitigate damages.

17.    Plaintiff is not the real party in interest to all or a portion of the claimed damages and, therefore, Plaintiff has no legal standing or right to recover.

18.    Failure to join necessary and indispensable parties to this action.

19.    Doctrines of waiver, estoppel and/or laches.

20.    Plaintiff's claims violate Ohio's frivolous conduct statute, R.C. 2323.51, and/or Rule 11 of the Ohio Rules of Civil Procedure.

21.    Any amount recoverable is limited by the Ohio Tort Reform Act.

22.    Dollar Tree asserts its right to the "empty chair" defense pursuant to R.C. 2307.23.

23.     Plaintiff's claims are barred or limited by the spoliation of evidence by persons or entities other than Dollar Tree.

24.     Dollar Tree reserves the right to assert additional affirmative defenses as the result of ongoing discovery.

WHEREFORE, Defendant Dollar Tree Stores, Inc. demands that Plaintiff's Complaint be dismissed with prejudice at Plaintiff's costs and for such further equitable relief deemed appropriate by this Court.

Respectfully submitted,

*/s/ Christopher E. Cotter*
Christopher E. Cotter (84021)
ccotter@ralaw.com
Roetzel & Andress, LPA
222 South Main Street
Akron, OH  44308
Direct:  330.849.6756
Telephone:  330.376.2700
Fax: 330.376.4577

Laura E. Salzman (95304)
lsalzman@ralaw.com
Roetzel & Andress, LPA
250 East Fifth Street, Suite 310
Cincinnati, OH  45202
Telephone:  513.361.0200
Fax: 513.361.0335

ATTORNEYS FOR DEFENDANT
DOLLAR TREE STORES, INC.

**JURY DEMAND**

Defendant Dollar Tree Stores, Inc. hereby demands a trial by jury.

_/s/ Christopher E. Cotter_
One of the Attorneys for
Defendant Dollar Tree Stores, Inc.


**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 7, 2019, a true and accurate copy of the foregoing has been filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system:

| | |
|---|---|
| R. Craig McLaughlin | Ohio Department of Medicaid |
| Elk & Elk Co., Ltd. | c/o Michael Dewine |
| 6105 Parkland Blvd., Suite 200 | Ohio Attorney General |
| Mayfield Heights, OH 44124 | 30 E. Broad Street, 14th Floor |
| Phone: (440) 442-6677 | Columbus, OH 43215 |
| Fax: (440) 442-7944 | DEFENDANT |
| Email: rmclaughlin@elkandelk.com | |

ATTORNEY FOR PLAINTIFF
VALERIE S. BLANKENSHIP, Administrator
of the Estate of Diana L. Hatt, deceased

_/s/ Christopher E. Cotter_
Attorney for Defendant Dollar Tree Stores, Inc.

13418456_1 134501.0020