ELECTRONICALLY FILED
COURT OF COMMON PLEAS
Monday, January 14, 2019 2:48:00 PM
CASE NUMBER: 2019 CV 00208 Docket ID: 33002439
MIKE FOLEY
CLERK OF COURTS MONTGOMERY COUNTY OHIO

IN THE COURT OF COMMON PLEAS
MONTGOMERY COUNTY, OHIO

| | |
|---|---|
| VALERIE S. BLANKENSHIP, Administrator of the Estate of Diana L. Hatt, Deceased<br>3231 Mack Road<br>Fairfield OH 45014<br><br>    Plaintiff,<br><br>vs.<br><br>DOLLAR TREE STORES, INC.<br>c/o Corporation Service Company, Statutory Agent<br>50 West Broad Street, Suite 1330<br>Columbus, OH 43215<br><br>and<br><br>JOHN DOE CORPORATION<br>Name and address unknown<br><br>and<br><br>OHIO DEPARTMENT OF MEDICAID<br>c/o Michael Dewine, Ohio Attorney General<br>30 E. Broad Street, 14th Floor<br>Columbus, OH 43215<br><br>    Defendants. | CASE NO.: _____<br><br>JUDGE: _____<br><br>**COMPLAINT**<br><br>**DECLARATORY JUDGMENT**<br><br>**JURY DEMAND** |

Now comes Plaintiff Valerie S. Blankenship, as Administrator of the Estate of Diana L. Hatt, deceased, by and through counsel, and states the following:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff Valerie S. Blankenship, is the duly appointed Administrator for the Estate of Diana L. Hatt, who died on March 4, 2017. A copy of the appointment is attached hereto as Plaintiff's Exhibit "A" and is incorporated herein by reference.

1

2. Defendant Dollar Tree Stores, Inc. is a Virginia corporation and/or other business entity that is licensed to do business in the State of Ohio.

3. Defendant Dollar Tree Stores, Inc. and/or Defendant John Doe Corporation owned and/or operated and/or maintained a store and/or business located at 6495 Brandt Pike, Huber Heights, Montgomery County, Ohio.

4. To the best of Plaintiff's knowledge, it is believed that the above mentioned property and/or building and/or store and/or business is owned and operated by Defendant Dollar Tree Stores, Inc., but Defendant John Doe Corporation has been named as a defendant in the event that the actual name of the owner and/or operator of this property and/or store is different from Defendant Dollar Tree Stores, Inc.  The name of Defendant John Doe Corporation is unknown.  This Defendant will in no way be prejudiced in the maintenance of its defense on the merits within the meaning of Rule 15(D) of the Ohio Rules of Civil Procedure because of its constructive and/or actual notice of the institution of this case.  Except for the inability of Plaintiff to discover the name of Defendant John Doe Corporation, this action would be brought against it in its proper, true, and exact name and capacity, and said information will be provided by Plaintiff, if necessary, when such information becomes fully known to Plaintiff.

5. Hereinafter, Defendants Dollar Tree Stores, Inc. and John Doe Corporation shall be collectively referred to as "Defendant Dollar Tree."

6. At all times relevant herein, Defendant Ohio Department of Medicaid (hereinafter referred to as "Defendant Ohio Medicaid") is a political entity and/or a political subdivision that is organized under the laws of Ohio and has its principal place of business located in Columbus, Franklin County, Ohio.

2

7. Jurisdiction is proper in this Court because the events leading to the causes of action in this matter took place in Ohio and Plaintiff and at least one of the Defendants are Ohio residents.

8. Venue is proper in Montgomery County, Ohio because the events leading up to Plaintiff's claims took place in Montgomery County, Ohio.

## FIRST CLAIM: SURVIVORSHIP CLAIM

9. Plaintiff reavers and realleges each and every allegation contained in the preceding paragraphs as if fully rewritten herein.

10. At all times relevant herein, Defendant Dollar Tree owned and/or operated and/or maintained the property and/or store and/or business located at 6495 Brandt Pike, Huber Heights, Montgomery County, Ohio.

11. Before January 29, 2017, Defendant Dollar Tree knew or should have known that one of the doors to the interior entrance of the above mentioned store was defective and/or was not working correctly and/or was otherwise having problems that prevented customers from opening it safely in order to enter the store.

12. On or about January 29, 2017, Diana L. Hatt went to the above mentioned store of Defendant Dollar Tree to shop.

13. Diana L. Hatt attempted to enter Defendant Dollar Tree's store through the front interior door when it stuck and/or would not open safely and properly, causing Diana to lose her balance, fall backward and down, and strike her head.

14. Diana L. Hatt suffered a traumatic brain injury (subarachnoid hemorrhage, subdural hematoma, etc.) as a result of the fall and hitting her head and she ultimately died from her injuries on March 4, 2017.

15. Diana L. Hatt was a business invitee of Defendant Dollar Tree at the time of the incident.

3

16.     Defendant Dollar Tree owed Diana L. Hatt various duties of care as a business invitee/customer at its store.

17.     Defendant Dollar Tree breached the duties of care it owed Diana L. Hatt by negligently failing to maintain the door in a reasonably safe condition; negligently failing to warn her of the hidden/latent danger of the door sticking and being unsafe; and other negligent acts and/or omissions.

18.     As a direct and proximate result of the negligence of Defendant Dollar Tree described above, Diana L. Hatt suffered injuries; incurred medical expenses; experienced conscious pain and suffering; suffered a loss of ability to do her usual activities; and suffered other losses and damages from the time of the negligence until the time of her death.

### SECOND CLAIM: WRONGFUL DEATH CLAIM

19.     Plaintiff reavers and realleges each and every allegation contained in the preceding paragraphs as if fully rewritten herein.

20.     As a direct and proximate result of the negligence of Defendant Dollar Tree described above, Diana L. Hatt suffered injuries that led to her premature death on March 4, 2017.

21.     As a further direct and proximate result of the negligence of Defendant Dollar Tree, Diana L. Hatt's next of kin, incurred funeral and burial expenses, suffered a loss of the society of the decedent, and other losses, harms and damages, both economic and non-economic.

### THIRD CLAIM: DECLARATORY JUDGMENT CLAIM

22.     Plaintiff reavers and realleges each and every allegation contained in the preceding paragraphs as if fully rewritten herein.

4

23.     Defendant Ohio Medicaid paid out money to medical providers of Diana L. Hatt for medical treatment she needed after this incident pursuant to a plan and/or program that provides her with health insurance.

24.     There is a controversy between Plaintiff Valerie S. Blankenship, as the administrator of the Estate of Diana L. Hatt, deceased, and Defendant Ohio Medicaid that needs to be decided by the Court concerning whether Defendant Ohio Medicaid is entitled to enforce any subrogation right and/or right to reimbursement it has and recover any of the money it paid out on behalf of Diana L. Hatt from the recovery her estate makes from Defendant Dollar Tree for its negligent and tortious conduct discussed above.

WHEREFORE, Plaintiff demands judgment against Defendant Dollar Tree, on all claims for damages in an amount that exceeds $25,000, reasonable attorney fees, the costs of this action, and all other relief to which it is entitled under Ohio law.

WHEREFORE, Plaintiff demands that the Court issue an order declaring the rights and obligations of Plaintiff and Defendant Ohio Medicaid in regard to the enforcement of any subrogation interest or right to reimbursement related to payments made by Defendant Ohio Medicaid on behalf of Diana L. Hatt and Plaintiff seeks any other relief to which it is entitled under Ohio law.

Respectfully submitted,

/s/ R. Craig McLaughlin

R. Craig McLaughlin (0068765)
Elk & Elk Co., Ltd.
6105 Parkland Blvd., Suite 200
Mayfield Heights, OH 44124
Phone: (440) 442-6677
Facsimile: (440) 442-7944
E-mail: rmclaughlin@elkandelk.com
*Attorney for Plaintiff*

## JURY DEMAND

Plaintiff demands a trial by jury.

/s/ R. Craig McLaughlin

R. Craig McLaughlin (0068765)

6