# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

**Valerie S Blankenship, Administrator of the**
**Estate of Diana L. Hatt, Deceased,**

                **Plaintiff,**

**v.**                                           **Case No. 3:19-cv-038**
                                                       **Judge Thomas M. Rose**

**Dollar Tree Stores, Inc.,**

                **Defendant.**

---

### ENTRY AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT BY DEFENDANT DOLLAR TREE STORES, INC., (ECF 25), AND TERMINATING CASE.

---

Pending before the Court is Motion for Summary Judgment by Defendant Dollar Tree Stores, Inc. ECF 25. Because Plaintiff has no evidence that Defendant had a notice of a defect on its property, or indeed, evidence that a defect existed, the motion will be granted.

## I.     Background

On January 29, 2017, Lawrence Hatt and his daughter, Decedent Diana L. Hatt, visited a Dollar Tree store not far from their home. (ECF 24, PageID 126, Deposition of Lawrence Hatt, pp. 13-14). The entrance to the store contains two sets of doors with an interior vestibule area separating the two sets of doors. (Id. at p. 13). They arrived in the midday, around noon or 1:00 p.m. (ECF 24, PageID 127). Lawrence opened the exterior door for Diana, and she entered the vestibule area. (ECF 24, PageID 126-27, Id. at pp. 13, 17-18). Lawrence had no problem opening the exterior door. (ECF 24, PageID 127, Id. at p. 18). Diana was a very petite woman, only

weighing about seventy pounds. (ECF 24, PageID 127, Id. at p. 17). When she attempted to open

one of the interior doors, her hand slipped off the door handle, and she fell backwards:

> A: It was very abrupt. And when her hand – like anybody's hand
> trying to open – like I say, Diana was very petite, and her hand slid
> off the thing. Her hand slid off, and she just hit – landed on her
> back.

(ECF 24, PageID 129, Id. at. pp, 22-23).

After she fell, Lawrence helped Diana to her feet, and they continued into the store to

complete their shopping. (Id. at p. 24; ECF 23, PageID 105-08, Deposition of Valerie Blankenship,

p. 14). They checked out at 15:53. ECF 28-1, PageID 277. After they finished shopping, they

went home. (Hatt Dep., p. 25). Neither Lawrence nor Diana filed a report with the store. (Id. at

pp. 23-24). Diana had no visible injuries from her fall. (Id. at p. 24).

In a phone conversation late in the afternoon (ECF 23, PageID 103), Diana told her sister,

Valerie Blankenship, the following:

> Q. And what do you remember about that phone call?
>
> A. She called me and said that she went to the Dollar Tree with my
> dad and she fell. And I said, how did you fall? And she said, well,
> the door was sticking and my hand came off it and I fell back. And
> I said, did you hurt yourself? And she said, I hit my head on the
> glass door and her tailbone on the floor. ***
>
> Q. Did she tell you about how long it had been since she had fallen?
>
> A. I believe she just fell. It had just happened.

Deposition of Valerie Blankenship, pp. 6-7. (ECF 23).

A few days later, Lawrence took Diana to the emergency room due to a headache. (Id. at

pp. 41-42). Diana was discharged the following day. (Id. at p. 47). Following this initial

hospitalization, Diana was re-admitted and discharged several times to different hospitals in the

2

Cincinnati area for treatment of various medical issues. (Id. at pp. 47, 50; Blankenship Dep. at pp. 30-33, 56). She ultimately passed away just over two months after the fall, on March 4, 2017. (Id.).

Plaintiff Valerie Blankenship, Administrator of The Estate of Diana Hatt, has asserted two claims against Dollar Tree, a survivorship claim and a wrongful death claim. (Plf.'s Comp., ECF 4, at ¶¶ 9-21). Both claims are premised upon a negligence theory. (Id. at ¶¶ 1-18, 20-21).

## II.    Standard of Review

The standard of review applicable to motions for summary judgment is established by Federal Rule of Civil Procedure 56 and associated case law. Rule 56 provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Alternatively, summary judgment is denied "[i]f there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Hancock v. Dodson,* 958 F.2d 1367, 1374 (6th Cir. 1992) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986)). Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

The party seeking summary judgment has the initial burden of informing the court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, admissions and affidavits which it believes demonstrate the absence of a genuine

issue of material fact. *Id.,* at 323. The burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson,* 477 U.S., at 250 (quoting Fed. R. Civ. P. 56(e)).

Once the burden of production has shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient to "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). Rule 56 "requires the nonmoving party to go beyond the pleadings" and present some type of evidentiary material in support of its position. *Celotex Corp.,* 477 U.S., at 324.

In determining whether a genuine issue of material fact exists, a court must assume as true the evidence of the nonmoving party and draw all reasonable inferences in the favor of that party. *Anderson,* 477 U.S., at 255. If the parties present conflicting evidence, a court may not decide which evidence to believe by determining which parties' affiants are more credible. 10A Wright & Miller, *Federal Practice and Procedure,* § 2726. Rather, credibility determinations must be left to the fact-finder. *Id.*

The instant case involves questions of state law. In reviewing an Ohio claim, this Court must apply the law of Ohio, as interpreted by the Supreme Court of Ohio. *Northland Ins. Co. v. Guardsman Prods. Inc.,* 141 F.3d 612, 617 (6th Cir. 1998). Specifically, this Court must apply the substantive law of Ohio "'in accordance with the then-controlling decision of the highest court of the State.'" *Imperial Hotels Corp. v. Dore,* 257 F.3d 615, 620 (6th Cir. 2001) (quoting *Pedigo v. UNUM Life Ins. Co.,* 145 F.3d 804, 808 (6th Cir. 1998). Also, to the extent that the highest court in Ohio has not addressed the issue presented, this Court must anticipate how

Ohio's highest court would rule. *Id.* (quoting *Bailey Farms, Inc. v. NOR-AM Chem. Co.,* 27 F.3d 188, 191 (6th Cir. 1994).

Finally, in ruling on a motion for summary judgment, "[a] district court is not ... obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *InterRoyal Corp. v. Sponseller,* 889 F.2d 108, 111 (6th Cir. 1989). Thus, in determining whether a genuine issue of material fact exists on a particular issue, the court is entitled to rely upon the Rule 56 evidence specifically called to its attention by the parties.

## III.    Analysis

As a general matter, under Ohio law the duties an owner of a premises has to others depends on whether the other person is an invitee, licensee or trespasser.   Here, as a customer in a retail establishment, Diana Hatt was an invitee.   As to its invitees, a store owner has a duty of reasonable care.   This includes duties: to warn invitees of latent or hidden dangers known to the store owner. *Flaig v. Wal-Mart Stores East, LP*, No. 1:15-cv-444, 2019 WL 6130864, at *2 (S.D. Ohio Nov. 19, 2019) (citation omitted).   The mere occurrence of an injury does not give rise to a presumption of negligence. *Hochstetler v. Menards*, 2016 WL 4729306, *3 (N.D. Ohio Sep. 12, 2016); *Lietzke v. Commerce Guardian Trust & Sav. Bank*, 1932 WL 1674, 11 Ohio Law Abs. 642 (Ohio App. Feb. 1, 1932).

Dollar Tree argues that the hazard at issue was a hazard of which Dollar Tree had no notice, which would mean that it had no duty. *Hernandez-Butler v. Ikea U.S. E., LLC*, 435 F. Supp. 3d 816 (S.D. Ohio 2020).   The plaintiff has the burden of proving that a particular premise was unsafe and that the premises owner had knowledge of the specific unsafe condition. *Rogers v. Sears,*

*Roebuck and Co.*, 2002 WL 1393666, 2002-Ohio-3304, ¶ 3 (Ohio App. Jun. 28, 2002).

Ohio courts have held that a party can satisfy the knowledge requirement by showing one of three conditions: (1) that the owner created the danger; (2) that the owner had actual knowledge of the danger and failed to give notice or address it; or (3) that the hazard existed for a sufficient period of time to justify an inference that the failure to warn against it or remove it was attributable to a lack of ordinary care. *Ray v. Wal-Mart Stores, Inc.*, 2013-Ohio-2684, at ¶ 22, 993 N.E.2d 808 (Ohio Ct. App., 4th Dist.). Dollar Tree claims that Plaintiff has no admissible evidence that any of these conditions are met.

Blankenship argues the statements of Diana Hatt (relayed to her sister during a phone call that took place after she was injured) and the eyewitness account of Lawrence Hatt establish existence of a hazard and that the hazard caused Diana Hatt's death. Plaintiff asserts Diana fell backward and hit her head when her hand slipped off the interior door of the store because it would not open. Blankenship Depo., pp. 6-7. Plaintiff relies on the statement of an unknown employee of Defendant Dollar Tree to prove Defendant knew the door had been sticking. Blankenship Depo., pp. 10-11; Hatt Depo., pp. 13, 18-20. Lawrence testified:

> A. Okay. Diane got in the car because she doesn't drive, but I have a car. I drove down to the store we are talking about. I opened the outside door for Diane. She entered the inside door to open the inside door. And her hand got hold of the inside door, and her hand slipped off. She hit the floor and hit her head on the back wall or someplace. And then when this happened, a woman probably in her thirties dressed in – a white woman dressed in a white thing, probably one of the workers at Dollar Tree, I guess, came to the thing and said the door had been sticking. That's it. ***
>
> Q. Okay. Did you see how far she pulled the door open or if she was able to pull it open at all?
>
> A. It didn't open. Her hand – Diane only weighed about seventy

> pounds, quite petite.   And her hand came away – you know slid off
> the handle because it wouldn't open, slid on it.   And she hit the floor
> and hit her head on the floor in the back, and that's it.

Deposition of Lawrence Hatt, pp. 13, 17-18. (ECF 24)   Arguably, a sticking door that throws a

customer off balance when an attempt is made to open the door is not an ordinary condition one

expects to encounter when shopping.

Plaintiff would have the store employee statement admitted into evidence as an excited

utterance.   To qualify as an "excited utterance," a statement must be related to a "startling event"

and must be made while the declarant was "under the stress of the excitement it caused." Fed. R.

Evid. 803(2); *Maggard v. Ford Motor Co.*, 320 Fed. App'x 367, 372 (6th Cir. 2009).   An excited

utterance is only considered trustworthy, and therefore admissible, when "circumstances may

produce a condition of excitement which temporarily stills the capacity of reflection and produces

utterances free of conscious fabrication." Id.   A hearsay statement will qualify for the excited

utterance exception only if the party proffering the statement can prove:

> (1) there [is] an event startling enough to cause nervous excitement;
>
> (2) the statement [is] made before there is an opportunity to contrive or misrepresent; and
>
> (3) the statement [is] made while the person [is] under the stress of the excitement caused
>
> by the event.

Id.   Each of these elements ultimately concern whether "the statement was the result of reflective

thought or whether it was a spontaneous reaction to the exciting event." *Wright v. Beard*, 2016

WL 7173787, *3 (W.D. Ky. 2016) (citing *Haggins v. Warden, Fort Pillow State Farm*, 715 F.2d

1050, 1057 (6th Cir. 1983)).   When determining whether a statement is sufficiently spontaneous,

courts examine the length of time between the statement and the event. Id.   If the time between

the event and the statement is long enough to permit reflective thought, the statement will be excluded absent some proof that the declarant did not engage in any reflective thought during that time. Id.

Diana's statements to Valerie were not made as she was falling, as she was on the ground after her fall, as she was getting up from the fall, while she shopped throughout the store, while she was checking out of the store, while she left the store, nor while she was getting into her car in the parking lot. Diana's statements to Valerie were made while Diana was in the car on the way home. Diana arrived at the store that day at noon or 1:00 PM, and they made their purchase at 3:53 PM. The undisputed evidence reflects that Diana's statements were not in spontaneous reaction to the fall, and were made at a time that, without question, would permit reflective thought. After completing her shopping, Diana decided to call her sister on the drive home to tell her about the fall. (Blankenship Dep., p. 7). Diana had time to reflect on the event prior to the telephone call with her sister.

There is also no indication that Diana was still under the stress of the excitement caused by the event. Valerie described the conversation as follows:

> A: We weren't on the phone very long during that conversation. She just wanted to let me know that it happened to her. And I asked her about her – I was mainly concerned about her tailbone at the time, but I asked her how she was feeling, and she said she was feeling okay at the time.

(Id.). Valerie's testimony does not reflect, and there is no other evidence, that Diana was under the stress of excitement caused by the fall when she talked with Valerie that afternoon. Valerie's testimony concerning Diana's comment does not qualify for the excited utterance exception to hearsay. Valerie's testimony concerning Diana's comment about the door sticking is hearsay and

none of the hearsay exceptions apply. Valerie's testimony regarding this phone conversation therefore is inadmissible for purposes of Dollar Tree's Motion for Summary Judgment.

Neither is Lawrence's proffered testimony concerning the purported Dollar Tree employee statement admissible. Lawrence's testimony that a Dollar Tree employee said the door "had been sticking" is hearsay. Plaintiff asserts the statement against interest exception applies. While that the alleged statement of Dollar Tree's employee was made against Dollar Tree's interest, *Cathey v. Johns-Manville Sales Corp.*, 776 F.2d 1565, 1574–75 (6th Cir. 1985) (Medical director's statement held against interest of employer), Plaintiff has not proven that the alleged declarant is unavailable.

The hearsay exception set forth in Rule 804(b)(3) only applies if the declarant is "unavailable" as a witness. *Duncan v. General Electric, Int'l*, 1:15-cv-00656, 2018 WL 4510176, \*12, n.17 (S.D. Ohio 2018). Under Rule 804, a witness is unavailable if:

> (1) the declarant is exempt from testifying by ruling of the Court on the ground of privilege,
>
> (2) the declarant persists in refusing to testify contrary to a court order to do so,
>
> (3) the declarant testifies he lacks memory of the subject matter of his statement,
>
> (4) the declarant is unable to be present to testify because of death or then-existing physical or mental illness, or
>
> (5) the declarant is absent from the hearing and the party wishing to introduce the statement has been unable to procure the declarant's attendance by process or other reasonable means.

Fed. R. Evid. 804(A).

There has not been any argument of privilege, or any court order for the alleged employee

to testify. The alleged employee has not testified as to lack of memory about the statement, because no statements or testimony have been procured from the alleged employee. Plaintiff has not provided any evidence that the alleged employee is unavailable either due to death or illness. Despite Decedent's receipt having a cashier's name on it, Plaintiff did not notice or subpoena the deposition of this employee, or any past or present employees of Dollar Tree. Plaintiff cannot prove this declarant is unavailable as required by Rule 804. For this reason alone, the "statement against interest" exception does not apply to Lawrence's testimony about what the alleged employee allegedly said.

Plaintiff has presented no evidence that the door was defective. There is no evidence of any repairs or maintenance performed on the door. There is also no evidence of any prior incidents of the door causing injury to patrons. Compare *Lietzke v. Commerce Guardian Trust & Sav. Bank*, 1932 WL 1674, 11 Ohio Law Abs. 642 (Ohio Ct. App. Feb. 1, 1932).

Under Ohio law, a plaintiff must not only prove that a defect existed, but also how long the defect existed to indicate that the premises owner had notice of the defect, mere speculation is insufficient. *Pass v. Calvino's Pizza*, 2016 WL 7493614, 2016-Ohio-8527 (Ohio Ct. App. Dec. 30, 2016); *Stephens v. City of Cleveland*, 1990 WL 7030 (Ohio Ct. App. Feb. 1, 1990); (See also, *Calabrese v. Romano's Macaroni Grill*, No. 94385, 2011 WL 345971, *3 (Ohio Ct. App. 2011) (summary judgment affirmed in favor of defendant premises owner where plaintiff relied on mere speculation and conjecture in an attempt to create genuine issue of material fact regarding the defendant's constructive notice of the water that caused the plaintiff to fall); *Caplinger v. Korrzan Rest. Mtg., Inc.*, No. CA2011-06-099, 2011 WL 5831320 (Ohio Ct. App. 2011) (holding that the stacking of inferences and evidence that is mere speculation and hindsight cannot create a genuine

issue of material fact); *Fuerst v. Ford*, No. 1-03-81, 2004 WL 603521 (Ohio Ct. App. 2004) (affirming summary judgment in favor of defendant where the evidence offered by the plaintiff was hearsay, speculation, and inferences based upon hindsight); *Vermett v. Fred Christen & Sons Co.*, 741 N.E.2d 954, 973-74 (Ohio Ct. App. 2000) ("It is well established that speculation is insufficient to create a genuine issue of material fact in order to withstand summary judgment.").

## IV.    Conclusion

Because Plaintiff cannot prove a duty on the part of Defendant to have warned or repaired the allegedly sticking door, Defendant's Motion for Summary Judgment (ECF 25) is **GRANTED**. The captioned cause is hereby ordered **TERMINATED** upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

**DONE** and **ORDERED** in Dayton, Ohio, this Thursday, July 2, 2020.


s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE